IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRANDA WILDER as Administratrix of the ESTATE OF MARCUS WILDER, Deceased, and CONSTANCE IRIONS as Natural Mother and Legal Guardian of LONDON MCKENZIE WILDER, Minor,<br><br>Plaintiffs,<br><br>v.<br><br>EAST PERIMETER POINTE APARTMENTS LP and VENTRON MANAGEMENT, LLC,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 1:17-CV-04991-LMM |

## ANSWER OF EAST PERIMETER POINTE APARTMENTS LP TO PLAINTIFFS' COMPLAINT

COMES NOW, EAST PERIMETER POINTE APARTMENTS LP, Defendant in the above-captioned matter, and responds to Plaintiffs' Complaint, and respectfully shows the Court the following:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant is not a proper party.

## THIRD DEFENSE

Plaintiffs' claims are barred by the doctrine of Waiver.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of Estoppel.

## FIFTH DEFENSE

Plaintiffs' claims are barred pursuant to the exculpatory provision contained in the lease.

## SIXTH DEFENSE

No act or omission of this Defendant proximately caused or contributed to any injury or damages which the Plaintiffs may have suffered, and Plaintiffs are not entitled to any recovery whatsoever against this Defendant.

## SEVENTH DEFENSE

Any loss or damage allegedly suffered by Plaintiffs, if there be any, was not the direct or proximate result of any act or omission of this Defendant, or those acting on its behalf.

## EIGHTH DEFENSE

The sole and proximate cause of Plaintiffs' damages, if there be any, was the negligence of other persons or entities, for which Defendant is not liable.

## NINTH DEFENSE

Any loss or damage allegedly suffered by the Plaintiffs, if there be any, was the direct and proximate result of the acts or omissions of other persons or entities, for which this Defendant is not liable.

## TENTH DEFENSE

Any loss or damage allegedly suffered by Plaintiffs, if there be any, was a direct and proximate result of the superseding and intervening acts of other persons or entities, for whom Defendant is not liable.

## ELEVENTH DEFENSE

This Defendant is entitled to, and intends to apportion fault to non-parties to this action pursuant to O.C.G.A. § 51-12-33.

## TWELFTH DEFENSE

Pending further investigation and discovery, the sole proximate cause of Plaintiffs' damages, if there be any, was Plaintiffs' own negligence, with the result that Plaintiffs are not entitled to recover from this Defendant.

## THIRTEENTH DEFENSE

Pending further investigation and discovery, Plaintiffs, in the exercise of ordinary care, could have avoided the consequences of any alleged negligence (which is expressly denied) on the part of this Defendant.

## FOURTEENTH DEFENSE

Pending further investigation and discovery, the negligence of Plaintiffs were at least equal to or greater than any alleged negligence (which is specifically denied) on the part of this Defendant.

## FIFTEENTH DEFENSE

Defendant is not liable because no tortious acts or omissions on its part proximately caused or proximately contributed to cause the injuries alleged by Plaintiffs.

## SIXTEENTH DEFENSE

Subject to additional investigation and further discovery, Defendant shows Plaintiffs assumed the risk of any injuries, which Plaintiffs now allege.

## SEVENTEENTH DEFENSE

Defendant did not breach any duty of care owed to the Plaintiffs.

## EIGHTEENTH DEFENSE

Defendant did not breach any alleged duty to warn, with the result that Plaintiffs are not entitled to recover in this case.

## NINETEENTH DEFENSE

Defendant did not have superior knowledge of any alleged hazardous condition claimed to exist at the subject apartment complex.

## TWENTIETH DEFENSE

Plaintiffs' Complaint, to the extent it seeks any recovery of punitive damages, violates this Defendant's right to protection from excess fines as provided in the Eighth Amendment to the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of the State of Georgia, rendering the statute invalid on its face to support a claim or recovery of punitive damages.

## TWENTY-FIRST DEFENSE

Plaintiffs' Complaint, to the extent it seeks any recovery of punitive damages, violates this Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution as well as Article I, Section I, Paragraph I of the Constitution of the State of Georgia, rendering the statute invalid on its face to support a claim or recovery of punitive damages.

## TWENTY-SECOND DEFENSE

Any claim for punitive damages is barred by the double jeopardy clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment and as set forth in the corresponding provisions of the Constitution of the State of Georgia.

## TWENTY-THIRD DEFENSE

Official Code of Georgia Annotated § 51-12-5.1 is contrary to the Constitution of the United States and the Constitution of the State of Georgia and is void inasmuch as it denies this Defendant's equal protection under the law by providing fewer protections for civil litigants than the criminal law provides to persons accused of violation of criminal statutes permitting imposition of monetary fines. (U.S. Constitution, Article XIV; Georgia Constitution, Article I, Section II).

## TWENTY-FOURTH DEFENSE

Defendant incorporates all affirmative defenses pending further investigation and discovery.

## TWENTY-FIFTH DEFENSE

Defendant reserves the right to amend its Answer, if it becomes appropriate, after full investigation and discovery.

## TWENTY-SIXTH DEFENSE
## AND BY WAY OF FURTHER ANSWER

Defendant hereby responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

1.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

2.

Defendant denies that it is a company established under the laws of the State of Georgia, as it is a foreign limited partnership established under the laws of the State of Florida with a principal place of business in Ontario, Canada. Defendant admits it owns East Perimeter Pointe Apartments located at 4946 Snapfinger Woods Drive, Decatur, Georgia 30035, but denies that it operates or manages East Perimeter Pointe Apartments. Defendant denies that it is subject to the jurisdiction of the State Court of DeKalb County, but admits that it is subject to the jurisdiction of the United States District Court for the Northern District of Georgia Atlanta Division. The remaining allegations contained in this paragraph are denied.

3.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

## FACTUAL ALLEGATIONS AND CLAIMS

4.

The allegations contained in this paragraph are denied.

5.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

6.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

7.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

9.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

11.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly said allegations are denied.

12.

The allegations contained in this paragraph are denied.

13.

The allegations contained in this paragraph are denied.

## COUNT I – NEGLIGENCE

14.

Defendant re-alleges and incorporates by reference as though fully set forth herein the responses to paragraphs 1 through 13 of the Plaintiffs' Complaint as if restated herein.

15.

The allegations contained in this paragraph are denied.

16.

The allegations contained in this paragraph are denied.

17.

The allegations contained in this paragraph are denied.

18.

The allegations contained in this paragraph are denied.

19.

The allegations contained in this paragraph are denied.

20.

The allegations contained in this paragraph are denied.

21.

The allegations contained in this paragraph are denied.

22.

The allegations contained in this paragraph are denied.

23.

The allegations contained in this paragraph are denied.

24.

The allegations contained in this paragraph are denied.

25.

The allegations contained in this paragraph are denied.

26.

The allegations contained in this paragraph are denied.

27.

The allegations contained in this paragraph are denied.

28.

The allegations contained in this paragraph are denied.

29.

The allegations contained in this paragraph are denied.

30.

The allegations contained in this paragraph are denied.

31.

The allegations contained in this paragraph are denied.

32.

The allegations contained in this paragraph are denied.

33.

The allegations contained in this paragraph are denied.

34.

The allegations contained in this paragraph are denied.

35.

The allegations contained in this paragraph are denied.

36.

The allegations contained in this paragraph are denied.

37.

The allegations contained in this paragraph are denied.

38.

The allegations contained in this paragraph are denied.

39.

The allegations contained in this paragraph are denied.

## COUNT II – JOINT VENTURE

40.

Defendant re-alleges and incorporates by reference as though fully set forth herein the responses to paragraphs 1 through 39 of the Plaintiffs' Complaint as if restated herein.

41.

The allegations contained in this paragraph are denied.

## COUNT III – PUNITIVE DAMAGES

42.

Defendant re-alleges and incorporates by reference as though fully set forth herein the responses to paragraphs 1 through 41 of the Plaintiffs' Complaint as if restated herein.

43.

The allegations contained in this paragraph are denied.

## COUNT IV – PUBLIC NUISANCE

44.

The allegations contained in this paragraph are denied.

45.

The allegations contained in this paragraph are denied.

46.

The allegations contained in this paragraph are denied.

This Defendant denies any and all Counts, paragraphs, and/or sub-paragraphs not specifically responded to herein, and denies that Plaintiffs are entitled to recover from this Defendant in any manner or amount whatsoever.

This Defendant denies the allegations contained in the "WHEREFORE" paragraph of Plaintiffs' Complaint, including all subparts, and denies that the Plaintiffs are entitled to any of the relief requested therein or any relief whatsoever from this Defendant.

WHEREFORE, this Defendant, for the foregoing reasons, respectfully requests an Order by this Court dismissing Plaintiffs' Complaint, awarding this Defendant all costs and attorney's fees for defending this action, and such other and further relief as the Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY OF TWELVE.**

****SIGNATURE ON NEXT PAGE****

Respectfully, submitted this  13th  day of December, 2017.

**HAWKINS PARNELL**
**THACKSTON & YOUNG** LLP

*/s/ Christian J. Lang*
David C. Marshall
Georgia Bar No. 471512
Christian J. Lang
Georgia Bar No. 435437

*Attorneys for East Perimeter Pointe*
*Apartments LP*

4000 SunTrust Plaza
303 Peachtree Street, N.E., Suite 4000
Atlanta, GA  30308
Telephone:  (404) 614-7400
Facsimile:  (404) 614-7500
dmarshall@hptylaw.com
clang@hptylaw.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIRANDA WILDER as Administratrix of the ESTATE OF MARCUS WILDER, Deceased, and CONSTANCE IRIONS as Natural Mother and Legal Guardian of LONDON MCKENZIE WILDER, Minor,<br><br>Plaintiffs,<br><br>v.<br><br>EAST PERIMETER POINTE APARTMENTS LP and VENTRON MANAGEMENT, LLC,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 1:17-CV-04991-LMM |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel of record in the foregoing matter with a true and correct copy of the within and foregoing **ANSWER OF EAST PERIMETER POINTE APARTMENTS LP TO PLAINTIFFS' COMPLAINT** via electronic service and by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

\*\*\*\* SIGNATURE ON NEXT PAGE\*\*\*\*

Shean Williams, Esq.
Gary Andrews, Esq.
Omari Crawford, Esq.
The Cochran Firm – Atlanta
100 Peachtree Street NW, Suite 2600
Atlanta, Georgia 30303

This  13th  day of December, 2017.

                 **HAWKINS PARNELL
                    THACKSTON & YOUNG** LLP

                 */s/ Christian J. Lang*
                 Christian J. Lang