## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MIRANDA WILDER AS ADMINISTRATRIX OF THE ESTATE OF MARCUS WILDER, DECEASED, AND CONSTANCE IRIONS AS NATURAL MOTHER AND LEGAL GAURDIAN OF LONDON MCKENZIE WILDER, MINOR, | ) ) ) ) ) ) ) | CIVIL ACTION NO: 1:17-CV-04991 LMM |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EAST PERIMETER POINTE APARTMENTS LP, and VENTRON MANAGEMENT, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MOTION AND SUPPORTIVE BRIEF TO REMAND

Plaintiffs Miranda Wilder, as Administratrix of the Estate of Marcus Wilder, Deceased, and Constance Irions, as the Natural Mother and Legal Guardian of London McKenzie Wilder, minor, hereby file this motion and supporting brief requesting this Honorable Court, pursuant to 28 U.S.C. § 1447(e), to remand this action to DeKalb County State Court, and shows this Court as follows.

## PROCEDURAL HISTORY

On October 12, 2017, this action was originally filed in DeKalb County State Court against Defendants East Perimeter Pointe Apartments LP, and Ventron

Management, LLC, as the result of the wrongful death of Marcus Wilder that occurred on December 26, 2015. In response to the original lawsuit, Defendants filed a notice of removal to this Court on December 7, 2017, for lack of complete diversity among the parties to the original state court action.

Plaintiffs have filed a motion for leave to file an amended complaint that adds two individuals as Defendants to this lawsuit, Quenterius Jaquan Brown and Jeffery Tashawn Price, both of whom were involved in the tortious and criminal acts that were committed that caused the death of Marcus Wilder. See *Plaintiff's Emergency Motion and Legal Support for Leave to Amend Complaint*.

## ARGUMENT AND CITTION OF AUTHORITY

Federal Courts are courts of limited jurisdiction and must ensure that it has jurisdiction for all cases coming before it. Rembert v. Apfel, 213 F.3d 1331, 1333-1334 (11th Cir. 2000). "This district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009). In ruling on Plaintiffs' motion for remand, the decision in University of S. Alabama v. American Tobacco Co., 168 F.3d 405 (11th Cir. 1999), is instructive, as follows:

> [b]ecause removal jurisdiction raises significant federal concerts, federal courts are directed to construe removal statutes strictly. See

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citing Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3d Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983)). A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

168 F.3d at 411.

Under federal law, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. §1447(e). With the addition of Defendants Brown and Price, there is no longer a basis for this Court to retain jurisdiction over this matter, and Plaintiffs' request that pursuant to 28 U.S.C. §1447(e), this Court exercise its discretion to remand this case back to DeKalb County State Court.

## <u>CONCLUSION</u>

For the reasons shown above, Plaintiffs' request that this Court immediately remand this case to DeKalb County State Court.

Respectfully submitted, this 20th day of December, 2017.

/s/ Shean D. Williams
Shean Williams, Esq.
Georgia Bar No. 764139
Gary Andrews, Esq.
Georgia Bar No. 019299
Omari Crawford, Esq.
Georgia Bar No. 179965
*Attorneys for Plaintiffs*

THE COCHRAN FIRM – ATLANTA
100 Peachtree Street, NW, Suite 2600
Atlanta, GA 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
swilliams@cochranfirmatl.com
ganderson@cochranfirmatl.com
ocrawford@cochranfirmatl.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MIRANDA WILDER AS | ) | |
| ADMINISTRATRIX OF THE ESTATE | ) | |
| OF MARCUS WILDER, DECEASED, | ) | |
| AND CONSTANCE IRIONS AS | ) | |
| NATURAL MOTHER AND LEGAL | ) | |
| GAURDIAN OF LONDON MCKENZIE | ) | CIVIL ACTION NO: |
| WILDER, MINOR, | ) | 1:17-CV-04991 LMM |
| Plaintiffs, | ) | |
| v. | ) | |
| EAST PERIMETER POINTE | ) | |
| APARTMENTS LP, and VENTRON | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed *Motion and Supportive Brief to Remand* with the Clerk of Court using the CM/ECF system in the United States District Court with notice of the same to be electronically mailed by the Court to the following attorney of record:

Rahul Sheth, Esq.
Hawkins Parnell Thackston & Young, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308-3243

Respectfully submitted, this <u>20th</u> day of December, 2017.

/s/ Shean D. Williams
Shean Williams, Esq.
Georgia Bar No. 764139
Gary Andrews, Esq.
Georgia Bar No. 019299
Omari Crawford, Esq.
Georgia Bar No. 179965
*Attorneys for Plaintiffs*

THE COCHRAN FIRM – ATLANTA
100 Peachtree Street, NW, Suite 2600
Atlanta, GA 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
swilliams@cochranfirmatl.com
ganderson@cochranfirmatl.com
ocrawford@cochranfirmatl.com